IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| LAURA DOMBROWSKI, <br><br> Plaintiff-Counterclaim Co-Defendant, <br> Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant-Counterclaim Plaintiff, <br> Appellee. | **RECEIVED** <br> 12/19/2022 <br> DEBORAH S. HUNT, Clerk <br><br><br> Case No. 22-1801 <br><br> (Orig. Case No. 3:18-cv-11615) <br><br> Filed Electronically |

___

| | |
|---|---|
| LAURA DOMBROWSKI, <br><br> Plaintiff-Counterclaim Co-Defendant, <br> Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant-Counterclaim Plaintiff, <br> Appellee. | <br><br><br><br><br><br> Case No. 22-1988 <br><br> (Orig. Case No. 3:18-cv-11615) <br><br> Filed Electronically |

**REPLY TO APPELLEE'S RESPONSE
TO APPELLANT'S MOTION TO DISMISS APPEAL
FOR LACK OF JURISDICTION (NO FINAL JUDGMENT)**

The District Court may soon confirm the sale of Laura Dombrowski's home to pay her deceased co-party's taxes. Yet it lacks a final judgment. This Court should so declare and dismiss this appeal.

Case Nos. 22-1801/22-1988　　　- 2 -　　　MTD LOJ Reply

### A. Ms. Dombrowski Could Soon Lose Her Home By A Court-Confirmed Sale Under A Non-Final, Unappealable, And Unenforceable, Judgment.

A Receiver and a buyer stand ready to divest Laura Dombrowski of her home. They need but one District Court order to confirm their sale agreement. They expected that order to issue three days ago—one day before the sale's scheduled closing date. But it did not come.

That home sale confirmation order should never come. Because neither the District Court's Order of Judgment nor its Order Appointing Receiver is a final, appealable, enforceable, judgment. See Fed. R. Civ. P. 25(a); Fed. R. Civ. P. 54(b); 28 U.S.C. § 1291; 28 U.S.C. § 1292(a)(2).

The United States' motion response is insincere. It invokes an appellate rule inapplicable to Ms. Dombrowski's motion to dismiss for lack of jurisdiction. It can maintain that the Order of Judgment is a final judgment only because it (1) ignores Rule 54(b), (2) dodges § 1291, and (3) misstates Rule 25(a). It also fails to defend the Order Appointing Receiver as a final judgment.

The Court should review the procedural facts, apply the above-cited authorities, and dismiss this appeal for lack of jurisdiction.

Case Nos. 22-1801/22-1988      - 3 -      MTD LOJ Reply

### B. The United States Invokes Fed. R. App. P. 42(b)(2) To "Respond" To A Motion That Ms. Dombrowski Did Not Make.

To again be clear, Ms. Dombrowski does <u>not</u> voluntarily move the Court to dismiss her appeal. She does not seek that relief. She did not invoke Fed. R. App. P. 42(b)(2). Nor did she intend to do either act.

Yet the United States views her as "voluntarily" moving the Court to dismiss her appeal or filing a "voluntary" dismissal motion. Four times. And it alone invokes Fed. R. App. P. 42(b)(2). But that Rule is wholly inapplicable here.

Instead, Ms. Dombrowski moves the Court to dismiss her appeal on a jurisdictional ground. Specifically, neither the District Court's Order of Judgment nor its Order Appointing Receiver is a final, appealable, and enforceable, judgment. See Fed. R. Civ. P. 25(a), 54(b); 28 U.S.C. §§ 1291, 1292(a)(2).

If the Court decides that either District Court Order is a final judgment, then it would have appellate jurisdiction to review that Order. See 28 U.S.C. § 1291.

The United States' Fed. R. App. P. 42(b)(2) based "response" is feigned. The Court should disregard it.

Case Nos. 22-1801/22-1988           - 4 -                    MTD LOJ Reply

### C. The United States Ignores Fed. R. Civ. P. 54(a)— The Authority That Governs A Final Judgment In This Multiple Parties/Multiple Claims Case.

The District Court case involved both multiple parties and multiple claims.  Ms. Dombrowski's Complaint asserts:

(1)  a quiet title claim, expressly against the United States.

In turn, the United States' Answer With Counterclaims asserts—

(2)  a tax debt-to-judgment counterclaim, expressly against Ronald Matheson; and

(3)  a tax lien enforcement counterclaim, expressly against (A) Ms. Dombrowski, and expressly against (B) Mr. Matheson.

Because this case involves three parties and three claims, the authority that governs a final judgment for appeal purposes is Fed. R. Civ. P. 54(b).  But the United States' motion response lacks even one citation to Rule 54(b).  Its failure to mention that Rule is bizarre.  And its ability to counter that Rule is now forfeited.

Perhaps Rule 54(b) confused the United States.  Again.

On June 26, 2019, the District Court entered a "Stipulation And Judgment."  That document related solely to the United States tax debt-

Case Nos. 22-1801/22-1988 - 5 - MTD LOJ Reply

to-judgment counterclaim against Mr. Matheson.

The District Court identified its Stipulation And Judgment with respect to the United States, Mr. Matheson, and the tax-debt-to-judgment counterclaim as one it had entered under "Rule 54(b)." But that could not have been true. See *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994) (observing that a valid Rule 54(b) final judgment as to fewer than all parties and all claims requires District Court to both certify that judgment is "final" and "expressly determine[] that there is no just reason for delay" of that judgment). But the District Court's Stipulation And Judgment lacked the required certification and determination. See District Court ECF No. 27, PageID.243-245. So it, too, was not a Rule 54(b) final judgment. Again, confusing—for the United States.

Or perhaps not. For the United States (now) contends that its tax lien enforcement counterclaim under 26 U.S.C. § 7403 is merely one in rem, against Ms. Dombrowski's home. That contention is frivolous.

The United States expressly sued both Ms. Dombrowski and Mr. Matheson on its tax lien enforcement counterclaim. And it failed to

Case Nos. 22-1801/22-1988      - 6 -                    MTD LOJ Reply

name Ms. Dombrowski's home as a defendant. Moreover, the United States' cited authority, *United States v. Verduchi*, 434 F.3d 17, 21 (1st Cir. 2006), supports Ms. Dombrowski's litigating position.

There, the First Circuit states that "a judgment pursuant to 26 U.S.C. § 7403 is essentially a judgment against the property…or against the debtor-transferor." And where those ellipses appear, the First Circuit cites to *United States v. Rodgers,* 461 U.S. 677, 695 (1983), which it describes as only "likening" a § 7403 proceeding to an in rem one. *Verduchi* at 21.

The First Circuit's "judgment against…the debtor-transferor" and "likening" language flows from what it had concluded earlier:

"If the government proceeds under 26 U.S.C. § 7403 to enforce a lien, once a court declares a transfer fraudulent and void, <u>the asset reverts back to the ownership of the debtor-transferor</u> and federal law governs the foreclosure of the lien and the selling of the asset." *Verduchi* at 20 (citations omitted and emphasis supplied).

Neither *Rodgers* nor *Verduchi*, then, support the United States' imaginary "in rem" Fed. R. Civ. P 54(b) escape hatch.

Despite the United States' ignoring Rule 54(b), that Rule governs what is a final judgment in this multi-party/multi-claims case.

### D. The United States Dodges 28 U.S.C. § 1291.

The United States only opposes, it does not object, to Ms. Dombrowski's motion to dismiss for lack of jurisdiction. For it knows that federal appeals courts have authority to hear appeals from "final decisions of the district courts." 28 U.S.C. § 1291. Yet the United States' motion response mentions § 1291 but once. That is a strange approach if the Court indeed has before it a final judgment—or two.

As for the "final judgment" cases that the United States cites and discusses, each supports Ms. Dombrowski's position that this Court lacks appellate jurisdiction here. To illustrate—

(a) *United States v. Davis*, 815 F.3d 253, 256-57 (6th Cir. 2016) (observing merely that "[h]ere, the final decision was the order of sale," also citing to *United States v. Williams*, 796 F.3d 815, 817 (7th Cir. 2015));

(b) *United States v. Williams*, 796 F.3d 815, 817 (7th Cir. 2015) (noting that the order under review "states that it [was] the district court's final decision, resolving all issues" and concluding that "a

Case Nos. 22-1801/22-1988      - 8 -                    MTD LOJ Reply

judgment foreclosing a federal tax lien and specifying how the proceeds are to be applied" is appealable under 28 U.S.C. § 1291);

(c) *Forgay v. Conrad*, 47 U.S. 201, 204 (1848) (recognizing that judgment finality existed because "the whole of the matters brought into controversy by the bill are finally disposed of as to all of the defendants."). See also *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 512, n.8 (6th Cir. 2001) (instructing that *Forgay v. Conrad* provides only a "narrow exception to the finality of judgment rule");

(d) *Whiting v. Bank or* [sic] *the United States*, 38 U.S. 6, 15 (1939) [read: 1839]. See *Grant v. Phoenix Mutual Life Ins. Co.*, 106 U.S. 429, 431 (1882) (naming *Whiting* as one of "many times [the U.S. Supreme Court] decided that a decree of sale in a foreclosure suit, which *settles all the rights of the parties* and leaves nothing to be done but to make the sale and pay out the proceeds, is a final decree for the purposes of an appeal.") [Emphasis supplied]; and,

(e) *Citibank, N.A. v. Data Lease Fin. Corp.*, 645 F.2d 333, 337 (5th Cir. 1981) (acknowledging that "[n]ot all orders contemplating a judicial sale are final and appealable.").

Besides, the United States does not cite any case that involved each element that this case involves—

(a) multiple parties,

(b) multiple claims,

(c) a party who died before trial,

(d) a party's Fed. R. Civ. P. 25(a) invocation,

(e) a District Court's neglect to follow the Fed. R. Civ. P. 25(a) procedures,

(f) an unresolved claim against the decedent, and

(g) a surviving co-party's argument that the District Court's judgment is not a final, appealable, enforceable, judgment under Fed. R. Civ. P. 54(b), 28 U.S.C. § 1291, and Fed. R. Civ. P. 25(a).

"An appeal may be taken from a decree of foreclosure and sale <u>when the rights of the parties have all been settled</u> and nothing remains to be done by the court but to make the sale and pay out the proceeds." *North Carolina R.R. v. Swasey*, 90 U.S. (23 Wall.) 405, 409 (1874) (emphasis supplied).

All the parties' rights here have not "been settled." The District Court's Order Of Judgment therefore is non-final, unappealable, and unenforceable.

Case Nos. 22-1801/22-1988　　　- 10 -　　　　　MTD LOJ Reply

### E. The Deceased Co-Counterclaim Defendant And The Neglected Fed. R. Civ. P. 25.

The United States views Ms. Dombrowski's Fed. R. Civ. P. 25(a) argument as one that rests on the District Court's "failure to substitute a party for [her co-counterclaim defendant Mr.] Matheson following his death." But Ms. Dombrowski's Rule 25(a) argument is straightforward:

Rule 25(a) required the District Court to follow its procedures after Mr. Matheson died before trial. But it never did. The District Court therefore never resolved the United States' tax lien enforcement counterclaim against Mr. Matheson. For that reason, the District Court's Order of Judgment is not a final, appealable, and enforceable, judgment under Fed. R. Civ. P. 25(a), Fed. R. Civ. P. 54(b), and 28 U.S.C. § 1291.

Impliedly, the United States concedes Ms. Dombrowski's Rule 25(a) argument. It—

(a) recognizes that Ms. Dombrowski invoked Rule 25(a) when she filed with the Court and served on it a pre-trial Suggestion Of Death On The Record that announced Mr. Matheson's death;

(b)  observes that neither she nor the United States served that Suggestion Of Death on any non-party;

(c)  notes that the motion to substitute a party 90-day period has not yet begun; and

(d)  acknowledges that the District Court either must dismiss the United States' tax lien enforcement counterclaim against Mr. Matheson or may grant a motion to substitute someone for him as a co-counterclaim defendant.

The United States, though, presents an anti-Rule 25(a) Plan B.  If the Rule 25(a) 90-day period has run, it asserts, then it is of no moment to the District Court's Order Of Judgment as to Ms. Dombrowski.  Yet the usual rule on a final judgment in this multi-party/multi-claim case would still apply:

"…Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

Here, too, the United States fails to grapple with Rule 54(b).  That failure dooms its anti-Rule 25(a) Plan B.

Undeterred, the United States offers anti-Rule 25(a) Plan C: *United States v. Sweeny*, 418 F. Supp. 2d 492 (S.D.N.Y. 2006). *Sweeny*, of course, was not an appellate opinion; it therefore could not involve a party's appeal that challenged the District Court's judgment as non-final, unappealable, and unenforceable. Further, the *Sweeny* Court merely denied the defendants' cross-motion for partial summary judgment under Rule 19—not under Rule 25(a). Last, no Sweeny party appealed; the parties later stipulated to judgment.

Anyway, the Sweeny opinion does not say how that court resolved the tax lien foreclosure claim against the decedent. If it did not resolve it under Rule 25(a), then that unresolved claim would have implicated Rule 54(b)…about which the United States has nothing to say.

Plodding onward, the United States interposes anti-Rule 25(a) Plan D: Rule 25(a) is of no consequence because Mr. Matheson's "affirmatively pled" that he "does not own, and has no interest in," Ms. Dombrowski's home. That pleading, the United States declares, is a "judicial admission" that "binds Matheson and his successors." Hardly.

Mr. Matheson's pleading statement was not a fact allegation, but either a legal conclusion or his counsel's theory of the case. See *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC,* 477 F.3d 383, 394 (6th Cir. 2007). It therefore was not a "judicial admission." Besides, the United States itself "admit[ted] that the lien imposed by 26 U.S.C. § 6321 on all property and rights to property of Matheson attached" to Ms. Dombrowski's home. (District Court ECF No. 5, PageID.17).

Finally, the United States deploys its anti-Rule 25(a) Plan E: accuse Ms. Dombrowski of an underhanded litigation tactic. That Plan flops too.

Ms. Dombrowski did not invoke Rule 25 recently; she invoked it three weeks before trial. And the counterclaim defendant with a federal tax liability here is not Ms. Dombrowski, it is the deceased Mr. Matheson. Plus, the United States' cited authorities each support Ms. Dombrowski. See *Cheramie* (judgment entered with respect to decedent); *Rende* (Rule 25(a) allows flexibility in party substitution); *Reilly* (90-day Rule 25(a) party substitution period does not begin until appropriate non-parties are served).

Case Nos. 22-1801/22-1988 - 14 - MTD LOJ Reply

In the end, the District Court has yet to resolve the United States' tax lien enforcement counterclaim against the deceased Mr. Matheson, who died before trial. To resolve that claim, Rule 25(a) required the District Court to follow its procedures. Yet the District Court did not do so. Consequently, the District Court has yet to enter a final judgment, this Court lacks appellate jurisdiction, and the District Court may not permit the United States to execute on its Order Of Judgment.

### F. The United States Fails To Argue That The Order Appointing Receiver Is Final, Appealable, And Enforceable.

Ms. Dombrowski's motion argues that the District Court's Order Appointing Receiver, whether viewed under 28 U.S.C. § 1291 or 28 U.S.C. § 1292(a)(2), is also neither final, nor appealable, nor enforceable. The United States' motion response does not even attempt to counter her argument. It therefore has forfeited its right to do so. Regardless, Ms. Dombrowski's jurisdictional argument that challenges the Order Appointing Receiver is also correct as a matter of law.

Case Nos. 22-1801/22-1988 - 15 - MTD LOJ Reply

### G.  Renewed Relief Request

This Court should "say what the law is" —with the clear statement that no final, appealable, and enforceable, judgment exists. It should then grant Laura Dombrowski's motion and dismiss this appeal for lack of jurisdiction

Respectfully submitted:

<u>December 19, 2022</u>                                         /s/ Laura Dombrowski
                                                                LAURA DOMBROWSKI
                                                                54213 Stillwater Drive
                                                                Macomb, MI 48042-6100
                                                                (586) 206-8322
                                                                lauradombrowski@pm.me
                                                                *Appellant-Plaintiff-*
                                                                *Counterclaim Co-Defendant*

CERTIFICATE OF COMPLIANCE
(With Type-Volume Limit, Typeface Requirements,
and Type-Style Requirements)

1. The foregoing **Reply To Appellee's Response To Appellant's Motion To Dismiss Appeal For Lack Of Jurisdiction (No Final Judgment)** complies with the Fed. R. App. P. 27(d)(2)(C) type-volume limit because that Reply contains <u>2,585</u> words.

2. The foregoing **Reply To Appellee's Response To Appellant's Motion To Dismiss Appeal For Lack Of Jurisdiction (No Final Judgment)** complies with the Fed. R. App. P. 32(a)(5) typeface requirements and the Fed. R. App. P. 32(a)(6) type-style requirements because that Reply was prepared in a proportionally-spaced typeface using Word for Microsoft 365 in Century 14-point font.

<u>December 19, 2022</u>

<u>/s/ Laura Dombrowski</u>
LAURA DOMBROWSKI
54213 Stillwater Drive
Macomb, MI 48042-6100
(586) 206-8322
lauradombrowski@pm.me
*Appellant-Plaintiff-Counterclaim Co-Defendant*

Case Nos. 22-1801/22-1988        - 17 -        MTD LOJ Reply

## CERTIFICATE OF SERVICE

I hereby certify that on <u>December 19, 2022</u>, I e-mailed the foregoing REPLY TO APPELLEE'S RESPONSE TO APPELLANT'S MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION (NO FINAL JUDGMENT) to the Clerk of the Sixth Circuit Court of Appeals at the following Court-provided e-mail address:

CA06_Temporary_Pro_Se_Efiling@ca6.uscourts.gov

The Clerk of the Sixth Circuit Court of Appeals will then file that submitted Reply using the ECF/CM system, which will then serve that filed Reply on the United States of America's counsel, who is an ECF/CM system registered user.

<u>December 19, 2022</u>        /s/ Laura Dombrowski
LAURA DOMBROWSKI
54213 Stillwater Drive
Macomb, MI 48042-6100
(586) 206-8322
lauradombrowski@pm.me
*Appellant-Plaintiff-Counterclaim Co-Defendant*