**NOT RECOMMENDED FOR PUBLICATION**

Nos. 22-1801/22-1988

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

>   FILED
>   Jan 6, 2023
>   DEBORAH S. HUNT, Clerk

| | |
|---|---|
| LAURA DOMBROWSKI, | ) |
| Plaintiff-Appellant, | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| UNITED STATES OF AMERICA, | ) THE EASTERN DISTRICT OF |
| | ) MICHIGAN |
| Defendant-Appellee. | ) |

O R D E R

Before: SUTTON, Chief Judge; CLAY and BUSH, Circuit Judges.

This matter is before the court upon motions by Laura Dombrowski to dismiss these appeals for lack of jurisdiction.

Ronald Matheson, Dombrowski's life partner for more than thirty years, accrued substantial unpaid federal income tax liabilities. Seeking to collect the amounts owed, the Internal Revenue Service filed a federal tax lien on a parcel of property in Macomb, Michigan, that it claimed Matheson had an interest in (the "Stillwater property"), but was titled in Dombrowski's name. Dombrowski thereafter filed suit against the government to quiet title to the property and to have the lien held invalid. The government filed two counterclaims: (1) to reduce Matheson's income tax liabilities to judgment and (2) to enforce the federal tax lien on the Stillwater property under 26 U.S.C. § 7403(a).

In June 2019, the parties stipulated and agreed with respect to the first counterclaim that judgment be entered in favor of the government and against Matheson for income tax liabilities totaling $3.2 million plus additions and interest. The parties continued to litigate the second counterclaim, with Dombrowski and the government filing cross-motions for summary judgment. In May 2020, the district court denied in part and granted in part the summary judgment motions, finding that there were triable issues with respect to certain theories advanced by the government.

In March 2022, Dombrowski filed a suggestion of death, noting that Matheson had died. The remaining counterclaim proceeded to a bench trial in April 2022. The district court determined that Matheson fraudulently transferred funds to Dombrowski so that she could purchase the Stillwater property in her name, Dombrowski was an "insider" of Matheson, and the Stillwater property was subject to a statutory resulting trust.

On July 6, 2022, the district court entered a judgment declaring that the government was entitled to enforce its tax lien for Matheson's tax liability against the Stillwater property, that the property could be sold to satisfy the liability, and that the government could move for appointment of a receiver to sell the property. Dombrowski timely appealed the judgment, docketed as No. 22-1801. The government subsequently moved for appointment of a receiver, and the district court granted its motion on August 24, 2022. Dombrowski filed an amended notice of appeal from that order, docketed as No. 22-1988.

Dombrowski has now filed identical motions in each appeal to dismiss for lack of jurisdiction. She claims that she appealed out of an "abundance of caution," but argues that neither order from which she appealed is a final judgment. She claims that the July 6, 2022, judgment is not final because it did not resolve the government's tax lien enforcement counterclaim against Matheson, who died prior to trial. She asserts that the district court failed to follow the dictates of Federal Rule of Civil Procedure 25(a) following Matheson's death and that, because he remained a party at the time of his death, additional litigation is required to resolve the counterclaim against him. She claims that the August 24, 2022, order appointing a receiver is not final because it purports to enforce the non-final order of July 6, 2022. She asks that this court dismiss these

appeals for lack of jurisdiction and instructs that, "in its dismissal order, [this] Court should specify that the District Court's Orders are both unappealable and unenforceable."

In response, the government notes that it does not oppose Dombrowski's voluntary dismissal of her appeals. But the government asserts that this court has jurisdiction to review the district court's orders of July 6, 2022, and August 24, 2022, because they are both final and appealable. The government contends that Matheson's death did not affect the litigation because the 26 U.S.C. § 7403(a) counterclaim was an *in rem* action against the Stillwater property—not a claim against Matheson. In any event, the government argues that Rule 25 does not require that a deceased party be substituted, the suggestion of death was not properly served, and § 7403 actions can proceed even in the absence of parties who may claim an interest in the property.

A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *see United States v. Martirossian*, 917 F.3d 883, 886 (6th Cir. 2019). The record demonstrates that Dombrowski filed suit to quiet title and have the tax lien on her property declared invalid. The government thereafter raised two counterclaims: (1) to reduce Matheson's income tax liabilities to judgment and (2) to enforce the federal tax lien on the Stillwater property under 26 U.S.C. § 7403(a). The parties resolved the first counterclaim by stipulation. The government then filed a motion for summary judgment on the second counterclaim; Dombrowski filed her own motion for summary judgment. After a bench trial, the district court issued judgment concluding that the government had established that the federal tax lien on the Stillwater property was valid and could be enforced by sale of the property. Finally, the district court ordered that a receiver be appointed to execute the sale.

We agree with the government that the orders in question are final and that Matheson's death did not affect the course of the proceedings. First, as the government has asserted, the second counterclaim was an action against the Stillwater property. This claim, brought pursuant to § 7403(a), allows the government to enforce a tax lien by seeking to "subject any *property* . . . of the delinquent, or in which he has any right, title, or interest" to the payment of a federal tax liability. 26 U.S.C. § 7403(a) (emphasis added). And although § 7403(b) requires "[a]ll persons

having liens upon or claiming any interest in the property" be named as parties, a judgment pursuant to § 7403 is essentially a judgment against the property. *See United States v. Rodgers*, 461 U.S. 677, 695 (1983). "Foreclosure under § 7403 contemplates a forced sale of the entire property, not merely the delinquent taxpayer's interest, and is consistent with due process." *United States v. Winsper*, 680 F.3d 482, 488 (6th Cir. 2012) (citing *Rodgers*, 461 U.S. at 694, 697-98).

Second, even if Matheson were considered a defendant in the second counterclaim, Matheson's death did not require the dismissal of that claim or any continued litigation to resolve his interest. Federal Rule of Civil Procedure 25 provides that, if a party dies and the party's claim is not extinguished, the court may order substitution of the proper party. If a motion to substitute "is not made within 90 days after service of a statement noting the death, the action . . . against the decedent must be dismissed." *See* Fed. R. Civ. P. 25(a)(1). The rule further requires, however, that a "statement noting death" be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. *See* Fed. R. Civ. P. 25(a)(3). Although Dombrowski claims in her motion to dismiss that she served the United States with the notice, the suggestion of Matheson's death filed in the district court contains no certificate of service. Accordingly, there is no indication that she ever served the pleading on interested nonparties. Absent proper service of the suggestion of death, the government was not required to move to substitute Matheson as a party and the district court was not required to take any action. The district court's July 6, 2022, order of sale therefore resolved all claims of all parties. *See Grant v. Phoenix Mut. Life Ins. Co.*, 106 U.S. 429, 431 (1882) ("[A] decree of sale in a foreclosure suit, which settles all the rights of the parties and leaves nothing to be done but to make the sale and pay out the proceeds, is a final decree for the purposes of an appeal."). The August 24, 2022, post-judgment order appointing a receiver enforced the July 6, 2022, order of sale. Both orders are final and appealable.

For the foregoing reasons, we **DENY** Dombrowski's motions to dismiss.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk